UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROY TROST *also known as* DAISY LYNNE MEADOWS,<br><br>            Plaintiff<br><br>      v.<br><br>NEVADA BOARD OF PRISON COMMISSIONERS, et al.,<br><br>            Defendants | Case No. 3:22-cv-00214-ART-CSD<br><br>**ORDER** |

**I.    DISCUSSION**

On May 11, 2022, Plaintiff Roy Trost also known as Daisy Lynne Meadows, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), filed an application to proceed *in forma pauperis* (ECF No. 1-1) and submitted a 174-page complaint (ECF No. 1-1), a motion to file additional pages (ECF No. 1-5), and a motion to use female pronouns and name recognition to align with Plaintiff's gender[1] (ECF No. 1-6). Plaintiff also filed 25 other motions, several which seek to submit hundreds of pages of exhibits. (*See* ECF Nos. 1-3, 1-4, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25).

Plaintiff has not submitted a fully complete application to proceed *in forma pauperis* or a complaint that complies with the Federal Rules of Civil Procedure ("FRCP") and District of Nevada General Order No. 2021-05. The Court will address the matter of the filing fee, complaint, and remaining motions.

**A.    *In Forma Pauperis* Application**

Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, an inmate seeking to begin a civil action in this Court may apply to proceed *in forma pauperis* in order to file the civil action without prepaying the full $402 filing fee. To apply for *in forma pauperis* status, an

---

[1] The Court grants Plaintiff's motion for use of female pronouns and name recognition (ECF No. 1-6). This Court will refer to Plaintiff by her chosen name, Daisy Lynne Meadows, and use female pronouns when possible.

inmate must submit <u>all three</u> of the following documents to the Court:

(1) a completed **Application to Proceed *in Forma Pauperis* for Inmate** on this Court's approved form (i.e. pages 1 through 3 with the inmate's two signatures on page 3),

(2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form), and

(3) a copy of the <u>**inmate's prison or jail trust fund account statement for the previous six-month period**</u>.

Plaintiff has not submitted an application or a financial certificate on this Court's approved form and has not submitted an inmate account statement to the Court. Accordingly, the Court denies Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without prejudice because the application is incomplete. The Court will grant Plaintiff a <u>**one-time extension**</u> to file a fully complete application to proceed *in forma pauperis* containing all three of the required documents. Plaintiff will file a fully complete application to proceed *in forma pauperis* on or before **Friday, July 22, 2022**. Absent unusual circumstances, the Court will <u>not</u> grant any further extensions of time.

If Plaintiff is unable to file a fully complete application to proceed *in forma pauperis* with all three required documents on or before **Friday, July 22, 2022**, this case will be subject to dismissal <u>without prejudice</u> for Plaintiff to file a new case with the Court when Plaintiff is able to acquire all three of the documents needed to file a fully complete application to proceed *in forma pauperis*.

A dismissal <u>without prejudice</u> means Plaintiff does not give up the right to refile the case with the Court, under a new case number, when Plaintiff has all three documents needed to submit with the application to proceed *in forma pauperis*. Alternatively, Plaintiff may choose not to file an application to proceed *in forma pauperis* and instead pay the full filing fee of $402 on or before **Friday, July 22, 2022** to proceed with this case.

**B.     Complaint**

In Plaintiff's 174-page complaint, she sues 43 defendants, raises 11 claims, and

seeks monetary and injunctive relief. (*See generally* ECF No. 1-1).

The Court dismisses the entire complaint without prejudice with leave to amend because Plaintiff's 174-page complaint does not comply with the FRCP or General Order No. 2021-05. The Court now advises Plaintiff of the following requirements under the FRCP and the General Order to facilitate the filing of a properly formatted amended complaint. Plaintiff is advised that the failure to comply with these rules when drafting and filing her amended complaint may result in this action being dismissed.

Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*.

The function of the complaint is not to list every single fact relating to Plaintiff's claims. If Plaintiff wishes to amend her complaint, she must set forth her claims in a simple, concise, and direct manner to meet the requirements of FRCP 8.

A basic lawsuit is a single claim against a single defendant. FRCP 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. FRCP 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and

prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act.  28 U.S.C. § 1915(g).

The Court advises Plaintiff that each claim that is raised in her amended complaint must be permitted by either FRCP 18 or FRCP 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to her action that are against the same defendant under FRCP 18. Plaintiff may also add any additional claims against other defendants **if those claims arise from the same transaction, occurrence, or series of transactions as her original claim**. Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by the FRCP will result in those claims being dismissed as improperly joined.

As presented, it is difficult for the Court to understand Plaintiff's claims and who she is suing for what actions.  Plaintiff may not generally sue "Defendants" in her amended complaint.  Instead, Plaintiff should follow the directions in the form complaint and "[d]escribe exactly what each specific defendant (by name) did to violate [her] rights" and must "[s]tate the facts clearly in [her] own words without citing legal authority or argument." In other words, she needs to explain how each individual defendant violated her rights.

If Plaintiff chooses to amend her complaint, she must also clearly identify the claim(s) she is attempting to raise in her lawsuit.  She may not list every amendment and cause of action and hope that she states a claim.  To illustrate, in claim 1, Plaintiff alleges violations of "American[s] with Disabilities Act, 8th and 14th Amendment violations protections against wanton, hostile, and deliberate indifference to acute medical needs blatantly refusing to provide needed care and treatment required to treat my condition, 1st Amendment violations, [and] Violence Against Women Act."  (ECF No. 1-1 at 18.) Plaintiff should use the form complaint to help her submit a properly amended complaint to this Court.  If Plaintiff's amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

Additionally, pursuant to General Order No. 2021-05, initial and amended complaints may not be more than 30 pages long.  *See* General Order 2021-05 at 2 (Oct.

13, 2021). The general order states:

> It is not necessary to attach exhibits or affidavits to the complaint or any amended complaint. Rather, the complaint or any amended complaint must sufficiently state the facts and claims without reference to exhibits or affidavits . . .
>
> If a plaintiff believes he or she needs to file a complaint or amended complaint that is more than 30 pages long, he or she must file a motion seeking permission to exceed the page limit that explains why 30 pages is insufficient to state the plaintiff's claims. A motion to exceed 30 pages must not be longer than 3 pages long. The Court looks with disfavor on motions to exceed page limits, so permission to do so will not be routinely granted.

*Id.*

The Court acknowledges that Plaintiff filed a motion to exceed the page limit of her complaint. (ECF No. 1-5). However, the motion does not explain why she needs to file an extra 144 pages over the 30-page limit to present her claims. (*Id.* at 1-3). Instead, the motion seems to simply request a page limit extension and a request for her to attach exhibits to her complaint. (*Id.* at 1). Plaintiff submits an index of exhibits that she seeks to file. (*See* ECF No. 1-7).

The Court denies the motion to exceed the 30-page complaint limit (ECF No. 1-5) and request to file hundreds of pages of exhibits (*see* ECF Nos. 14, 15, 16, 17, 18,19, 20, 21, 22, 23, 25) without prejudice. As explained above, Plaintiff needs to first attempt to file an amended complaint that complies with the FRCP. Plaintiff should remember that her amended complaint does not need to list every single fact relating to her claims. To illustrate, Plaintiff's claims appear to be unnecessarily long. Claim 4 is 30 pages of allegations and claim 8 is 33 pages of allegations. (*See* ECF No. 1-1 at 57-86, 100-132). Instead, Plaintiff only needs to provide a short and plain statement of the facts that support her claims. Additionally, because this is the pleading stage, Plaintiff does not need to submit any evidence to support her claims yet. When it is procedurally applicable, Plaintiff may file her exhibits in support of her claims.

Plaintiff is granted leave to file an amended complaint that complies with the FRCP and General Order No. 2021-05. If Plaintiff chooses to file an amended complaint, she is

advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa County,* 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit but also must comply with the FRCP and General Order No. 2021-05. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

The Court notes that, if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff will file the amended complaint on or before **Friday, July 22, 2022**. If Plaintiff chooses not to file an amended complaint that complies with the FRCP and General Order No. 2021-05, the Court will dismiss this action without prejudice for Plaintiff to initiate a lawsuit when she is able to comply with the FRCP and General Order No. 2021-05.

### C.     Remaining Motions

The Court will not address Plaintiff's outstanding motions (*see* ECF Nos. 1-3, 1-4, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 24) until Plaintiff submits a fully complete application to proceed *in forma pauperis* or pays the full $402 filing <u>and</u> files a properly formatted amended complaint.

## II.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied without prejudice to file a new fully complete application to proceed *in forma pauperis* with all three documents.

IT IS FURTHER ORDERED that the Clerk of the Court will send Plaintiff the

approved form application to proceed *in forma pauperis* by an inmate, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that on or before **Friday, July 22, 2022**, Plaintiff will either pay the full $402 filing fee for a civil action (which includes the $350 filing fee and the $52 administrative fee) or file with the Court:

(1) a completed **Application to Proceed *in Forma Pauperis* for Inmate** on this Court's approved form (i.e. pages 1 through 3 of the form with the inmate's two signatures on page 3),

(2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form), and

(3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.

IT IS FURTHER ORDERED that the Clerk of the Court file the complaint (ECF No 1-1).

IT IS FURTHER ORDERED that the complaint (ECF No. 1-1) is dismissed in its entirety without prejudice with leave to file an amended complaint that complies with the FRCP and General Order 2021-05.

IT IS FURTHER ORDERED that the Clerk of the Court will send to Plaintiff a copy of her original complaint (ECF No. 1-1), the approved form for filing a 42 U.S.C. § 1983 complaint for inmates and instructions for the same, and General Order 2021-05.

IT IS FURTHER ORDERED that Plaintiff will submit her amended complaint to this Court on or before **Friday, July 22, 2022**.

IT IS FURTHER ORDERED that the motion to file additional pages to complaint (ECF No. 1-5) is denied without prejudice.

IT IS FURTHER ORDERED that the motion to use female pronouns and name recognition (ECF No. 1-6) is granted.

It is further ordered that the motions to file exhibits (ECF Nos. 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25) are denied without prejudice as premature.

IT IS FURTHER ORDERED that the Court defers decisions on the remaining motions (ECF Nos. 1-3, 1-4, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 24) until the matters of the filing fee and properly filed amended complaint are resolved.

IT IS FURTHER ORDERED that, if Plaintiff does not file an amended complaint and a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action on or before **Friday, July 22, 2022**, the Court will dismiss this case <u>without prejudice</u> for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff is able to file a properly formatted complaint and has all three documents needed to file a complete application to proceed *in forma pauperis* or pays the full $402 filing fee.

DATED THIS 27th day of May 2022.

_____
CRAIG S. DENNEY
UNITED STATES MAGISTRATE JUDGE