UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROY TROST also known as DAISY LYNNE MEADOWS,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>NEVADA BOARD OF PRISON COMMISSIONERS, et al.<br>　　　　　　　　　　　Defendants. | Case No. 3:22-cv-00214-ART-CSD<br><br>ORDER<br>and<br>REFERRAL TO PRO BONO PROGRAM |

**I.　DISCUSSION**

Plaintiff Roy Trost also known as Daisy Lynne Meadows is currently in the custody of the Nevada Department of Corrections ("NDOC").[1] Meadows has submitted a first amended civil rights complaint ("FAC") pursuant to 42 U.S.C. § 1983 (ECF No. 37)[2] and has filed an application to proceed *in forma pauperis* (ECF No. 47)[3] along with numerous other motions (ECF Nos. 1-3, 1-4, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 24, 28, 29, 30, 31, 33, 34, 35, 36, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 50, 51, 52, 53, 54, 55, 56). The matter of the filing fee will be temporarily deferred. The Court now addresses several of Meadows' motions.

Meadows filed three motions for appointment of counsel (ECF Nos. 1-4, 3, 35). A litigant does not have a constitutional right to appointed counsel in § 1983

---

[1]　When possible, the Court will refer to Meadows by her chosen name, Daisy Lynne Meadows, and use female pronouns to align with Meadows' identified gender. (*See* ECF No. 26 at 1).

[2]　Because Meadows filed an FAC in this case, the Court denies as moot Meadows' motions for reconsideration of the order dismissing her 174-page original complaint without prejudice and denying her ability to file exhibits as premature. (ECF Nos. 28, 29).

[3]　The Court denies as moot Meadows' motion regarding complications to submitting a complete application to proceed *in forma pauperis* (ECF No. 34). Meadows has filed a complete application to proceed *in forma pauperis* at ECF No. 47.

actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate [her] claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

The Court finds that exceptional circumstances warrant the appointment of counsel here. The Court has reviewed the FAC and finds that Meadows raises numerous colorable legal claims that are novel and complex. To illustrate, Meadows is a person who identifies as female. However, based on the allegations, prison officials refuse to recognize or accept this and classify her as male, house her in a male prison, and limit her access to clothing and accessories that other female inmates are entitled to wear or use in the prison system. Meadows also alleges multiple instances of rape and sexual abuse in the prison system. Additionally, Meadows asserts that, in retaliation for reporting rape and sexual abuse, prison officials will purposely house her with male inmates who have raped or sexually abused her in the past or punish her by housing her in segregation. Meadows also alleges that she has been approved for gender confirmation surgery, but prison officials will not provide the surgery.

In her FAC, Meadows raises colorable legal claims that include, but are not limited to, Eighth Amendment deliberate indifference to serious medical needs and gender confirmation surgery; Fourth Amendment unreasonable searches involving cross-gender strip searches; Fourteenth Amendment equal protection violations involving the availability of gender-specific clothing and accessories and the decision to house female inmates with male inmates; Eighth

Amendment failure to protect and sexual assault; and First Amendment retaliation. The Court concludes that Meadows' ability to litigate these claims would be enhanced by the assistance of counsel. Thus, the Court grants Meadows' motions for appointment of counsel (ECF Nos. 1-4, 3, 35).

This case is hereby referred to the Pro Bono Program adopted in the Second Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as pro bono counsel for Meadows. The scope of appointment will be for all purposes, including the filing of a second amended complaint, through the conclusion of trial. By referring this case to the Program, the Court is not expressing an opinion as to the merits of the case.

The Court further notes that, in a two-month period, Meadows has filed over 50 motions in this case. The Court has a heavy docket, and the repetitive filings only slow the pace of this litigation by requiring the Court's attention and consideration of small and secondary matters instead of the central issues in this case. Because the Court seeks to appoint pro bono counsel in this matter, Meadows should discuss any future filings with her appointed counsel and have appointed counsel file any necessary motions.

Because the Court seeks to appoint pro bono counsel, the Court denies as moot Meadows' motions involving the ability to draft a complaint, file exhibits, seek more information or evidence, join plaintiffs, or consolidate cases. (*See* ECF Nos. 5, 6, 10, 11, 12, 13, 36, 40, 42, 45, 52, 53).

**II.   CONCLUSION**

It is hereby ordered that the motions for appointment of counsel (ECF Nos. 1-4, 3, 35) are granted.

It is further ordered that this case is referred to the Pro Bono Program for appointment of counsel for the purposes identified herein.

It is further ordered that the Clerk forwards this order to the Pro Bono

Liaison.

It is further ordered that the motions for reconsideration (ECF Nos. 28, 29) are denied as moot.

It is further ordered that the motion regarding complications to submitting a complete application to proceed *in forma pauperis* (ECF No. 34) is denied as moot.

It is further ordered that the motions involving drafting complaints, seeking information, and litigation strategy (ECF Nos. 5, 6, 10, 11, 12, 13, 36, 40, 42, 45, 52, 53) are denied due to the referral of this case to the Pro Bono Program for appointment of counsel.

DATED THIS 19th day of July 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE